**BLUEBELL IMPORTING CORP v DAVIS et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2837. Decided May 9, 1938

A. G. Newcomb, Cleveland, for plaintiff-appellee.

W. K. Sullivan, Cleveland, of counsel, Herbert S. Duffy, Attorney General, Columbus, Herman G. Kreinberg, Cleveland, and Morton B. Icove, Cleveland, asst. Attys. General, for defendants-appellants.

## OPINION

By GEIGER, J.

This is a companion case to No. 2836 involving the same facts. The action is against the Tax Commission of Ohio and the Attorney General.

The plaintiff prays for declaratory judgment determining whether it is or is not liable for taxes and penalties prescribed by the Ohio tax laws and whether or not it owns the quantities of liquors and distilled spirits which it has shipped into the Ohio warehouse under the so-called Ohio Bailment Plan and is liable for the payment of taxes and penalties under the Ohio tax laws and whether it is a merchant or manufacturer owning and holding said stock of liquor within the meaning of the Ohio tax statutes.

It will not be necessary for us to restate the pleadings of the agreed statement of facts or review the evidence. We will, however, note the statutes under which it is claimed the defendants are liable for taxes and penalties.

## THE STATUTORY LAW

Sec 5325-1 GC provides within the meaning of the term "used in business" personal property shall be considered "used" when employed in connection with ordinary or special operations when acquired or held as means or instruments for carrying on business; but merchandise or agricultural products belonging to a nonresident of this state shall not be considered used in business in this state if held in a storage warehouse for storage only. "Business" includes all enterprises of whatsoever character conducted for gain, profit or income.

Sec 5328 GC provides that all personal property located and used in business in this state shall be subject to taxation regardless of the residence of the owners thereof.

Sec 5386 GC provides that "taxable property" when used without other qualifying words includes all kinds of property with certain exceptions. "Taxpayer" means any owner and includes those doing business in this state or owning or having a beneficiary interest in taxable personal property in this state except those expressly excluded and includes corporations under whatever laws organized, doing business or having taxable property in this state.

Sec 5381 GC defines "merchant" as a person who owns or has in possession or subject to his control personal property within this state with authority to sell it, which has been purchased either in or out of this state or which has been consigned to him from a place out of this state for the purpose of being sold at a place within this state.

Sec 5388-1 GC provides for the collection

of taxes upon alcoholic liquor and provides that upon all whiskey or other alcoholic liquor stored in bonded warehouses or other places or buildings shall be collected taxes at the rate current in the taxing district in which such warehouse shall be situated for the year in which such state and local tax is to be paid and shall be assessed upon its true value in money which shall be determined as therein provided.

While there may be other sections of the statute touching upon this matter, we feel that those noted are sufficient for our purpose. The most pertinent provisions are those providing for taxation upon all personal property located and used in business in this state regardless of the residence of the owners thereof, and the section defining a "merchant" and that providing for the assessment upon intoxicating liquors.

We think it would be but repetitious for us to discuss more at length the propositions under examination in the companion case.

Suffice it to say that in our judgment, under the plan adopted by the Ohio Board of Liquor Control known as the "Bailment Stock Plan" that the plaintiff is not liable for taxes prescribed by the Ohio tax law; that it does not own liquor in the state of Ohio and is not a merchant subject to taxation within the meaning of the tax laws.

Judgment of the court below affirmed.

BARNES, PJ, and HORNBECK, J, concur.